This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38782**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**BENNY J. BLANTON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CIBOLA COUNTY**
**Amanda Sanchez Villalobos, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

William G. Stripp
Ramah, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals following his convictions for extreme cruelty to animals, with a firearm enhancement, and negligent use of a deadly weapon. In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition (MIO), which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In our notice of proposed disposition, we acknowledged Defendant's argument that there may be some circumstances where the Cibola County animal control ordinance at issue in this appeal may be applicable as a defense to the charge of extreme cruelty to animals. Nevertheless, even accepting Defendant's broad

interpretation of the ordinance as true for purposes of the proposed disposition, we proposed to conclude that the ordinance was not applicable to the facts underlying Defendant's charges and, therefore, could not be raised as a defense during his trial. [CN 2-4] In his MIO, Defendant does not argue that this Court erred in concluding that the ordinance was not applicable to the facts of Defendant's case. Defendant instead contends that this Court should "issue [an] opinion about what the current state of the law is regarding shooting trespassing dogs in New Mexico" because there may be *some* situations where the ordinance may be applicable. [MIO 4] Defendant argues that livestock owners in rural New Mexico "frequently shoot and kill trespassing dogs whether they are in the process of attacking livestock or not[,]" and "have a right to know what the current state of the law is." [MIO 2] We decline Defendant's invitation to issue an advisory opinion relating to hypothetical situations involving other livestock owners in rural New Mexico. *See Santa Fe S. Ry. v. Baucis Ltd. Liab. Co.*, 1998-NMCA-002, ¶ 24, 124 N.M. 430, 952 P.2d 31 ("Our concern with issuing advisory opinions stems from the waste of judicial resources used to resolve hypothetical situations which may or may not arise."); *N.M. Indus. Energy Consumers v. N.M. Pub. Serv. Comm'n*, 1991-NMSC-018, ¶ 25, 111 N.M. 622, 808 P.2d 592 ("The basic purpose of ripeness law is and always has been to conserve judicial machinery for problems which are real and present or imminent, not to squander it on abstract or hypothetical or remote problems." (internal quotation marks and citation omitted)).

{3}     Defendant has not otherwise asserted any fact, law, or argument in his MIO that persuades us that our notice of proposed disposition was erroneous. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm Defendant's conviction.

{4}     IT IS SO ORDERED.

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**BRIANA H. ZAMORA, Judge**

**ZACHARY A. IVES, Judge**